**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JEREMY MCCALL,
Petitioner,

v. Case No. 8:23-cv-2325-KKM-CPT

SECRETARY, DEPARTMENT
OF CORRECTIONS,
Respondent.

---

# ORDER

McCall, a Florida prisoner, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1.) Having considered the petition, (*id.*), and the response opposing the petition, (Doc. 8), McCall's petition is denied.[1] Because reasonable jurists would not disagree, a certificate of appealability is denied.

## I. BACKGROUND

McCall pleaded guilty to being a felon in possession of a firearm and possession of a controlled substance. (Doc. 9-2, Ex. 7.) He was sentenced to 24 months of community control followed by 36 months of probation under the supervision of the Florida Department of Corrections. (Doc. 9-2, Ex. 8.)

McCall's probation officer filed an affidavit alleging that McCall violated the terms of his community control. (Doc. 9-2, Ex. 15.) Among other alleged

[1] McCall did not file a reply.

violations, McCall was alleged to have violated condition five, that he live and remain at liberty without violating any law. (*Id.*) McCall filed this § 2254 petition while in custody pending the resolution of these allegations.

The publicly available state court docket shows that McCall subsequently admitted to violating condition five of community control. *State v. McCall*, No. 19-CF-01632-A (Fla. 13th Cir. Ct.) at Doc. 649. On January 14, 2026, the state trial court revoked McCall's community control and probation and sentenced him to 18 months in prison. *Id.*[2]

## II. STANDARD OF REVIEW UNDER SECTION 2254

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Habeas relief under the AEDPA can be granted only if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "The power of the federal courts to grant a writ of

---

[2] A state prisoner has one year from the date his judgment becomes final to file a § 2254 petition. *See* § 2244(d)(1). Neither McCall nor Respondent address the petition's timeliness under § 2244(d)(1). McCall pleaded guilty and was sentenced to community control and probation on the underlying offenses on November 8, 2021, more than one year before he filed this habeas petition on October 6, 2023. (Doc. 9-2, Ex. 8.) But when McCall filed his petition, he faced the revocation of supervised release and imposition of a prison sentence for the underlying offenses. To the extent that his sentence was, therefore, not yet final, the petition is timely. *See, e.g., Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1293 (11th Cir. 2007) (stating that the judgment that starts the one-year limitation period "is based on both the conviction and the sentence"). Even if the petition is not timely, the Court may review McCall's claims because timeliness is not jurisdictional in § 2254 cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010).

habeas corpus setting aside a state prisoner's conviction on a claim that his conviction was obtained in violation of the United States Constitution is strictly circumscribed." *Green v. Sec'y, Dep't of Corr.*, 28 F.4th 1089, 1093 (11th Cir. 2022).

Before proceeding under § 2254, a federal habeas petitioner must exhaust his claims by raising them in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). A petitioner must fairly present his claim to each appropriate state court and alert that court to the federal nature of the claim. *Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010).

If a petitioner fails to satisfy this requirement and can no longer present the claim to the state court, "that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). A petitioner shows cause for a procedural default when he demonstrates "that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). A petitioner demonstrates prejudice by showing that "there is at least a reasonable probability that the result of the proceeding would have been different" absent the constitutional violation. *Henderson v.*

*Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). "A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Id.*

## III. ANALYSIS

McCall alleges that his plea to the underlying charges of being a felon in possession of a firearm and possession of a controlled substance was involuntary. In Ground One, titled "Armed Criminal Extortion/Oppression," McCall contends that he was coerced into entering a plea and that he wanted to proceed to trial. (Doc. 1, p. 5.) In Ground Two, titled "Neglect/Failure to Protect/Act," McCall alleges that his attorney "was told in a threatening manner that he'd better talk me into not going to trial." (*Id.*, p. 7.) In Ground Three, which McCall titles "Armed Coercion," he alleges that he was told he would be taken into custody and that a trial would be set off because he violated community control. (*Id.*, p. 8.) And in Ground Four, "Armed Violation of Due Process," McCall alleges that he was "threatened, coerced, and promised" and that he was beaten and tasered at the time of his arrest. (*Id.*, p. 10.)

Because McCall does not expressly allege violations of his federal rights, his claims are not cognizable in this § 2254 action. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (stating that "a habeas petition grounded on issues of state law provides no basis for habeas relief"). Similarly, McCall's claims that he was beaten and tasered when he was arrested and that he was

told he would be taken into custody and his trial would be set off are not cognizable because they do not challenge the validity of his state court judgment. *See Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004) (explaining that habeas relief is available only "to address defects in a criminal defendant's conviction and sentence").

Even if the Court liberally construes McCall's claims as alleging violations of his federal rights, they are too vague and conclusory to warrant federal habeas relief. McCall has not alleged specific facts in support of his claims. *See Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (stating that under the "fact pleading" standard applicable to § 2254 petitions, a petitioner must state facts that support each ground (citing Rule 2(c) of the Rules Governing Section 2254 Cases)).

Furthermore, as Respondent contends, any construed federal claims are procedurally defaulted. McCall's allegations of an involuntary plea were not raised in a state court motion to withdraw his plea. He cannot return to state court to raise the claims in an untimely motion to withdraw his plea. *See* Fla. R. Crim. P. 3.170(*l*) (stating that a motion to withdraw plea must be filed within 30 days of the rendition of a sentence).

McCall's claims challenging the voluntariness of his plea are considered exhausted because any opportunity to raise them in state court has passed. *See Shinn v. Ramirez*, 596 U.S. 366, 378 (2022) (noting that state-court

remedies are exhausted "when they are no longer available, regardless of the reason for the unavailability" (quoting *Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006))). Still, these claims are procedurally defaulted because they were "not presented to the state courts 'consistent with [the State's] own procedural rules,' " specifically, Florida's established procedures for moving to withdraw a guilty plea. *Ramirez*, 596 U.S. at 378 (quoting *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000)). McCall does not show that an exception applies to excuse the default. *See id.* Accordingly, McCall's claims are barred from federal habeas review.

## IV. <u>CERTIFICATE OF APPEALABILITY</u>

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Instead, a district court or court of appeals must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). McCall has not made the requisite showing. Finally, because McCall is not entitled to a COA, he is not entitled to appeal in forma pauperis.

It is therefore **ORDERED** that McCall's Petition for Writ of Habeas Corpus, (Doc. 1), is **DENIED**. The **CLERK** is directed to enter judgment against McCall and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on September 29, 2026.

Kathryn Kimball Mizelle
United States District Judge